## GREGG vs. MACEY & WINSTON.

A deed is not void, if its covenants can be ascertained by an examination of the whole instrument, although some isolated covenant may be uncertain and difficult to understand when not connected with the other parts of the deed.

## ERROR to Platte Circuit Court.

ALMOND *for Plaintiff*.

The plaintiff demurred to defendant's pleas; the Court overruled the demurrer and gave judgment against the plaintiff, and the only question raised on said demurrer is as to the sufficiency of the declaration, as the defendants did not, and I presume will not insist on the sufficiency of either of their said pleas. The ground upon which the Circuit Court overruled said demurrer was, that the declaration was insufficient in not averring the payment of the purchase money by plaintiff and a demand on defendants for a deed before suit brought. The bond sued on, with the condition there underwritten, does not require the plaintiff to demand a deed or to pay the purchase

money, before his right of action accrued on said bond. But the right of action accrued on the penalty in said bond immediately on its execution, and continues until defendants defeat it, by complying with the condition.

THOMAS *for Defendants.*

There are two questions presented on the face of the pleadings for the consideration of the Court:—

1st. Does the instrument described in the plaintiff's declaration give him a right of action? and if so,

2ndly. Have the facts been properly pleaded?

The defendants insist that the instrument as described in the declaration is void for uncertainty in this, that it does not show with whom the covenants were made. Tate vs. Barcroft, 1 Mo. Rep. 115; Perkins vs. Reed, administrator of Nash, 8 Mo. R. 33. Nor what act the covenantors were to perform in relation to "lot number four;" and is in other respects ambiguous and uncertain. If "sufficient and legal words properly disposed" are essential to the validity of all instruments of this nature, the bond which is the foundation of this action is certainly void. 2 Bla. Com. 298—308.

The declaration is bad. 1st. Because the breach varies from the sense and substance of the contract in alleging a failure to do that which defendants never covenanted to do. 1 Chit. Pl. 367—368. 2ndly. For duplicity in assigning two breaches in one count of the same specific stipulation. 1 Chit. Pleadings, 369.

McBRIDE, J., *delivered the opinion of the Court.*

The plaintiff brought his action of debt in the Platte Circuit Court against the defendant on a bond for the conveyance of two lots of ground in the town of Winston, in Platte County, Mo., with a condition underwritten. The declaration sets out the condition of the bond as follows: "That whereas the said Joseph Winston and William M. Macey that day sold to Riley Gregg lot number twenty-eight, and have sold to Riley Gregg and Thomas Gregg lot number four in the town of Winston, in Platte County, Mo., for the payment of which the said Riley Gregg and Thomas Gregg had that day executed their promissory notes due and payable in one, two and three years, with ten per cent. interest from date until paid. Now as soon as the said Joseph Winston and William M. Macey should make a good and sufficient deed of lot number twenty-eight, and to Riley Gregg and Thomas Gregg lot number four, then the said writing obligatory was to be void, otherwise to be and remain in full force." The declaration then proceeds to assign as breaches that the defendants have not made, &c., a good and sufficient deed to lot number twenty-eight to said Riley Gregg, &c., nor have they, &c., made to the said Riley Gregg and Thomas Gregg a good and sufficient deed for said lot number four, according, &c. The defendants pleaded *nil*

*debit, non est factum,* without affidavit, and a special plea setting forth that through mistake the defendants had become bound in said bond, when in fact and in truth it was the intention of the parties that the said plaintiff should be bound, and concluding with a verification.

The plaintiff took issue on the second plea and filed his demurrer to the first and third pleas of the defendants. The Court overruled the demurrers and entered judgment thereon against the plaintiff, who has brought the case here by writ of error.

It is understood that the judgment of the Circuit Court was given upon a supposed defect in the declaration. That although the pleas demurred to were admitted to be bad, yet they were as good as the plaintiff's declaration, and that the demurrer to the pleas operated as a demurrer to the declaration also. It then becomes necessary to examine the declaration and to see whether a demurrer would lie to it.

The declaration declares on a bond executed by the defendants under their hands and seals to the plaintiff for the sum of fifteen hundred dollars—setting out the bond according to its legal effect; it then avers that the said bond has a condition underwritten, and sets out the same, and assigns as a breach the failure of the said defendants to make a deed or deeds to the lots therein specified. In all this we can see no cause of demurrer. But it is said that the writing declared on in the declaration is void for the want of certainty. The writing, although not very skillfully drawn, appears to me to be entirely intelligible, just such an instrument as the plain unsophisticated people of our country would be expected to draw up in their business transactions with each other. If such an objection should receive the sanction of the Courts, the Courts would become engines of great wrong to the mass of the community who are in the daily habit of drawing up such contracts. The Courts must examine carefully and patiently to ascertain what are the contracts of parties, and when ascertained endeavor to enforce them— and not turn parties out of Court unless indeed they have been so very unfortunate as to have failed entirely in making themselves understood.

The condition of the bond does not state distinctly to whom the title to lot No. 28 is to be made, but in the foregoing part it is said that the lot was sold to Riley Gregg, and hence the deed was to be made to him as is averred in the declaration.

Not being able to discover any substantial defect in the declaration, and the pleas being bad, we are of opinion that the Court erred in overruling the demurrers to the defendants' first and third pleas, and its judgment is therefore reversed, and the cause remanded.